Maxie Rose CAHILL; Alden Lee
Cahill, Appellants,

v.

HCA MANAGEMENT COMPANY,
INC., Appellee.

No. 86–1049.

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 10, 1986.

Decided Feb. 23, 1987.

Rehearing and Rehearing En Banc
Denied March 31, 1987.

Harold L. Kennedy, III (Harvey L. Kennedy, Kennedy, Kennedy, Kennedy and Kennedy, Winston-Salem, N.C. on brief) for appellants.

Thomas G. Smith (Marcus Wade Harold Mitchell, Mitchell, Teele, Blackwell, Mitchell & Smith, Valdese, N.C., on brief) for appellee.

Before WINTER, Chief Judge, HALL, Circuit Judge, and BUTZNER, Senior Circuit Judge.

BUTZNER, Senior Circuit Judge:

Maxie Rose Cahill and Alden Lee Cahill appeal the district court's entry of judgment on a directed verdict for HCA Management Company, Inc. (HMC), a subsidiary of Hospital Corporation of America. Because we conclude that HMC may be vicariously liable under North Carolina law which governs this diversity action, we vacate the judgment and remand for further proceedings.

I

Mrs. Cahill alleges that she was admitted to Ashe Memorial Hospital for surgery and that she suffered injuries from a venapuncture negligently performed by a medical technician.

Ashe Memorial Hospital and HMC had previously entered into an agreement under which HMC undertook to manage the hospital. Although Ashe Memorial trustees retained full authority and ultimate control over the hospital, HMC had authority and responsibility to conduct, supervise, and manage the hospital's day-to-day operation. The agreement made HMC responsible for "[t]he hiring, discharge, supervision and management of all employees of the hospital, including the determination of the numbers and qualifications of employees needed...." In addition, HMC issued the bills for hospital services and collected accounts owed the hospital. HMC was also

responsible for all quality control aspects of the hospital's operation, including efforts to achieve a high standard of health care.

The agreement provided that the administrator, controller, and director of nurses were to be employees of HMC. All other employees were designated as employees of Ashe Memorial. HMC was to pay them out of funds it collected from patients. The agreement exonerated HMC from liability for the negligence of the Ashe Memorial employees that HMC hired, supervised, and controlled. Ashe Memorial agreed to indemnify HMC for liability resulting from an employee's negligence. Ashe Memorial also agreed to name HMC as an additional insured on its general and professional liability policies.

The district court ruled that HMC could not be held liable under the doctrine of *respondeat superior* because Ashe Memorial Hospital and not HMC was the employer of the technician.

## II

North Carolina subscribes to the axiom that the right of supervision and control imposes vicarious liability on a principal for the negligent acts of its agent committed within the scope of his employment. *Azzolino v. Dingfelder*, 71 N.C.App. 289, 318–19; 322 S.E.2d 567, 586–89 (1984). The HMC–Ashe Memorial agreement's designation of the technician as an employee of Ashe Memorial does not foreclose application of this axiom. In *Jackson v. Joyner*, 236 N.C. 259, 72 S.E.2d 589 (1952), the court explained that because a servant can have two masters, a surgeon should not be absolved from vicarious liability for the negligence of the hospital's nurse who administered anesthesia under the surgeon's supervision. The court said:

It is true [the nurse] was in the general employ of the hospital; nevertheless, on this record it is inferable that [the nurse] stood in the position of a lent servant who for the purpose and duration of the operation occupied the position of servant of [the doctor].... And the rule is that where a servant has two masters, a general and special one, the latter, if having the power of immediate direction and control, is the one responsible for the servant's negligence.... The power of control is the test of liability under the doctrine of *respondeat superior*.

236 N.C. at 261, 72 S.E.2d at 591.

*Davis v. Wilson*, 265 N.C. 139, 143 S.E.2d 107 (1965), on which HMC relies, expressly distinguishes *Jackson* because of factual differences. In *Davis* pathologists employed by a hospital were not liable under the doctrine of *respondeat superior* for the negligence of a laboratory technician. Although the pathologists supervised the work of the technician, both the pathologists and the technician were under control of the hospital's director. Unlike the situation in *Jackson*, the *Davis* technician was not lent to the pathologists. All were under the common control of the hospital's director.

In this case, HMC was responsible for selecting and supervising the technician who performed the venapuncture on Mrs. Cahill in an allegedly tortious manner. Besides exercising its general duty of supervision, HMC supervised the technician directly through the hospital administrator, who was an HMC employee. Ashe Memorial neither selected the technician nor supervised his work. Though Ashe Memorial was the technician's nominal employer, it lent him to HMC, which had the "power of immediate direction and control" over him. *See Jackson*, 236 N.C. at 261, 72 S.E.2d at 591. HMC will be liable if the technician was negligent. The Ashe Memorial-HMC agreement may enable HMC to claim indemnity from Ashe Memorial, but it cannot deny recovery to an injured patient whose rights are firmly based on North Carolina common law.

We vacate the judgment of the district court and remand for further proceedings. The appellants shall recover their costs.